IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER YOUNG, Personal Representative of the Estate of LORI R. HEITING, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF DAWES, COUNTY OF BOX BUTTE, and DOES 1-10,<br><br>Defendants. | 7:13CV5002<br><br>ORDER |

This matter is before the court on the defendants' Motion to Strike Plaintiff's Disclosure of Additional Expert Witness and Related Materials (Filing No. 42).[1] The defendants filed a brief (Filing No. 44) and index of evidence (Filing No. 43) in support of the motion. The plaintiff filed a brief (Filing No. 48) in opposition. The defendants filed a brief (Filing No. 49) in reply.

BACKGROUND

This case arises from Lori R. Heiting's (Heiting) death while in the defendants' custody following her arrest for suspicion of driving under the influence on December 3, 2010. **See** Filing No. 8 - Amended Complaint. Before the arresting officer transported Heiting to jail, David Johnson, M.D. (Dr. Johnson), evaluated Heiting at Chadron Community Hospital. *Id.* ¶ 6. Dr. Johnson diagnosed Heiting with hypertension and chronic back pain and prescribed medication. *Id.* at 7. After Heiting's evaluation, Heiting was transported to Dawes County jail and then to Box Butte County jail. *Id.* at 8-9. While at Box Butte County jail, Heiting allegedly suffered chest pain and other symptoms. *Id.* at 10-11. Heiting's complaints regarding her chest pain were allegedly ignored. *Id.* On December 4, 2010, after Box Butte County jail personnel found Heiting unresponsive in her jail cell, Heiting was transported, by ambulance, to Box Butte County General Hospital where she was treated for her symptoms but later died. *Id.* at

---

[1] The defendants County of Dawes and County of Box Butte participated in this motion. Does 1-10 have not yet been identified.

15. According to Heiting's death certificate, Heiting died from cirrhosis and alcohol abuse. **See** Filing No. 43-8 - Heiting's Death Certificate. In the autopsy report, Heiting's final diagnosis was "macronodular and micronodular cirrhosis, mitral valve prolapse, and cardiomegaly." **See** *id.* - Autopsy Report.

The plaintiff originally filed the complaint in the District Court of Box Butte County, Nebraska, on January 22, 2013. **See** Filing No. 1 - Notice of Removal. On February 1, 2013, the defendants removed the action to this court. **See** *id.* Subsequently, the plaintiff filed an amended complaint. **See** Filing No. 8 - Amended Complaint. On March 18, 2013, the parties filed their Rule 26(f) report. **See** Filing No. 13 - Report. The report included a schedule for the parties to disclose experts and serve reports but did not include a provision establishing a deadline to disclose rebuttal experts and reports. **See** *id.* Likewise, the court's progression orders did not establish a deadline to disclose rebuttal experts and reports. **See** Filing Nos. 14 and 32. In the Order Setting Final Schedule for Progression of Case, the court set September 15, 2013, as the deadline to identify expert witnesses by both parties; October 15, 2013, for the plaintiff to serve expert reports; and November 15, 2013, for the defendants to serve expert reports. **See** Filing No. 32.

The parties disclosed and served experts' reports according to the court's order. **See** Filing Nos. 34, 35, 36, and 39. On November 26, 2013, the plaintiff sent a letter to Richard Simmons, M.D. (Dr. Simmons), requesting microscopic slides Dr. Simmons utilized during Heiting's autopsy. **See** Filing No. 43-3 - Letter. Defense counsel inquired with plaintiff's counsel as for the reason for the slide request and advised plaintiff's counsel that the defendants object to presenting the slides to a new expert. **See** Filing No. 43-4 - Email correspondence. The plaintiff did not indicate whether she would present the slides to a new expert. **See** *id.* On December 12, 2013, within thirty days of the defendants' service of its experts' reports, the plaintiff served the defendant with a report from rebuttal expert, Michael Sorrell, M.D. (Dr. Sorrell). **See** Filing No. 40. In response, the defendants filed the instant motion to strike. **See** Filing No. 42 - Motion.

The defendants argue the plaintiff's disclosure of Dr. Sorrell is improper and untimely under the parties' stipulations and the court's orders. **See** Filing No. 44 - Brief.

2

The defendants argue, assuming Fed. R. Civ. P. 26(a)(2)(D)(ii) applies, the logical interpretation of the rule "is that any rebuttal evidence submitted under this Rule would need to come from the existing expert witness(es) previously identified by the party." *Id.* at 4. Thus, the defendants contend, Dr. Sorrell's opinion should be stricken because he was not previously identified. *Id.* The defendants also assert Dr. Sorrell's involvement is unnecessary because the plaintiff's current experts are more than capable of reviewing the slides and submitting supplemental reports. *Id.* at 4-6. The defendants argue the plaintiff should have requested the slides for her experts to review before filing their reports. *Id.* at 5.

The defendants also argue they will be prejudiced if the court allows Dr. Sorrell to offer his opinions because the defendants may have to depose him at the defendants' own costs. *Id.* at 7. Further, the defendants contend the late disclosure would affect the motion for summary judgment deadline. *Id.* at 7-8. The defendants argue the timing of the dispositive motion deadline, December 31, 2013, supports the conclusion neither the parties nor the court contemplated identification of new experts. *Id.*

The plaintiff asserts Dr. Sorrell's disclosure was timely as it occurred within the thirty days prescribed by Fed. R. Civ. P. 26(a)(2)(D)(ii). **See** Filing No. 48 - Response p. 7-8. The plaintiff argues the defendants' narrow interpretation that rebuttal evidence can only come from a previously disclosed expert is unsupported by law. *Id.* at 8-9. The plaintiff contends Dr. Sorrell's report is necessary to rebut the defendants' experts' opinions that Heiting had end stage liver disease, very severe macro-nodular and micro-nodular liver cirrhosis, and would have only survived with a liver transplant. *Id.* at 4. For example, the plaintiff cites the following from Matthias I. Okoye's, M.D. (Dr. Okoye), expert report: Heiting's "end-stage liver disease would have caused her death even if she had been transported to a hospital when she mentioned chest pain on December 3, 2010" and Heiting's "only option for survival of the end-stage liver disease she suffered from would have been a liver transplant" but Heiting "would not have been a viable candidate for a liver transplant." *Id.* at 3-4 (**citing** Filing No. 47-1 - Dr. Okoye's Expert Report). The plaintiff argues such diagnoses or facts were not previously included in Heiting's autopsy report or death certificate. *Id.* The plaintiff contends she will call Dr. Sorrell only as a rebuttal witness if the defendants advance the theory that Heiting's

3

only chance of survival would have been a liver transplant.  *Id.* at 6-7.  The plaintiff states, while her previously identified experts are qualified doctors, Dr. Sorrell has actual experience with liver transplants considering his extremely extensive body of work in the field of liver transplants.  *Id.* at 5; **see also** Filing No. 47-4 - Dr. Sorrell's Curriculum Vitae.  Lastly, the plaintiff asserts the defendants suffer no prejudice from Dr. Sorrell's disclosure because the disclosure was within thirty days of the date the defendants disclosed their expert reports, eight months before trial, and six months before the deposition deadline.  **See** Filing No. 48 - Response p. 9-10.

In reply, the defendants argue the plaintiff improperly characterizes Dr. Sorrell as a rebuttal expert.  **See** Filing No. 49 - Reply p. 1.  The defendants contend the opinions from its own experts are confirmatory of the autopsy report and death certificate, although in different, but synonymous, terms.  *Id.* at 1-2.  The defendants argue Dr. Sorrell is being used to continue the plaintiff's case-in-chief and does not refute the defendants' case.  *Id.* at 2-3.  The defendants assert the plaintiff is trying to get around her mistake of failing to provide the slides to her expert witnesses before the deadline passed to disclose expert reports.  *Id.* at 2-5.  Lastly, the defendants contend their interpretation of Rule 26 would supply finality to the disclosure of expert witnesses.  *Id.* at 4.

## ANALYSIS

Under Fed. R. Civ. P. 26(a)(2)(D):

> *Time to Disclose Expert Testimony*.  A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26.  "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.  As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief."

4

***Marmo v. Tyson Fresh Meats, Inc.***, 457 F.3d 748, 759 (8th Cir. 2006) (**citing *Faigin v. Kelly***, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case.")).

Dr. Sorrell's report qualifies as rebuttal evidence. Dr. Sorrell's report attempts to rebut Dr. Okoye's opinion that Heiting would have survived only with a liver transplant, which Heiting would not have received. **Compare** Filing No. 43-7 - Dr. Sorrell's Report **with** Filing No. 47-1 - Dr. Okoye's Report. Upon review of Heiting's autopsy report and death certificate, the court notes no mention of the necessity or availability of a liver transplant. **See** Filing No. 43-8 - Heiting's Death Certificate and Autopsy Report. Therefore, Dr. Okoye's opinions were based on new or unforeseen facts to the plaintiff. The plaintiff was not required to have her experts address Dr. Okoye's opinions. The plaintiff and her experts could not have known Dr. Okoye's opinion when the plaintiff's experts prepared their reports. Further, there is no rule requiring a previously disclosed expert to be the source of the plaintiff's rebuttal evidence. Such a limitation on rebuttal evidence is nonsensical. If none of the previously disclosed experts had the proper qualifications to testify on a subject, a party would be unable to provide rebuttal evidence under the defendants' interpretation of the rule. Similarly, a party would be unable to use a better qualified expert to rebut evidence.

Additionally, the plaintiff timely disclosed Dr. Sorrell as a rebuttal expert. Although the parties' stipulation and the court's order are silent on a deadline to disclose rebuttal experts, the court will not interpret silence as prohibiting rebuttal experts. If the parties contemplated excluding the possibility of rebuttal experts, the parties could have included such a stipulation in the joint Rule 26(f) report. Moreover, the cases the defendants cited in support of their argument the court should strike Dr. Sorrell are distinguishable in that the rebuttal experts' reports in those cases were filed beyond the thirty days prescribed in Fed. R. Civ. P. 26(a)(2)(D)(ii). **See *Eckelkamp v. Beste***, 315 F.3d 863 (8th Cir. 2002) (affirming district court's refusal to allow the plaintiffs to file a rebuttal expert report in support of their opposition to summary judgment forty-six days after defendants' expert report had been produced); ***Bachtel v. Taser Int'l., Inc.***, No. 2:11CV69, 2012 WL 5308052, at *1-2 (E.D. Mo. 2012) (striking rebuttal expert report disclosed two months after the expert disclosure deadline).

Lastly, the defendants failed to show unfair prejudice from Dr. Sorrell's designation as a rebuttal expert. The defendants have around five months to depose Dr. Sorrell and this case is eight months from trial. The costs of deposing Dr. Sorrell does not unfairly prejudice the defendants because the defendants would have borne the costs of Dr. Sorrell's deposition if the plaintiff disclosed Dr. Sorrell with the other experts in the initial disclosures. Accordingly,

**IT IS ORDERED**:

The defendants' Motion to Strike Plaintiff's Disclosure of Additional Expert Witness and Related Materials (Filing No. 42) is denied.

Dated this 8th day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge