IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER YOUNG, Personal Representative of the Estate of LORI R. HEITING, Deceased, | 7:13CV5002 |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF DAWES, COUNTY OF BOX BUTTE, and DOES 1-10, | |
| Defendants. | |

This matter is before the court on the plaintiff's Motion for Leave to Identify *Does 1-10* and to File a Second Amended Complaint (Filing No. 41). The plaintiff filed a brief (Filing No. 46) and an index of evidence (Filing No. 45) in support of the motion. The named defendants filed a brief (Filing No. 54) and an index of evidence (Filing No. 53) in opposition to the motion. The plaintiff filed a brief (Filing No. 59) in reply.

## BACKGROUND

This case arises from Lori R. Heiting's (Heiting) death while in the defendants' custody following her arrest for suspicion of driving under the influence on December 3, 2010. **See** Filing No. 8 - Amended Complaint. Before the arresting officer transported Heiting to jail, David Johnson, M.D. (Dr. Johnson), evaluated Heiting at Chadron Community Hospital. *Id.* ¶ 6. Dr. Johnson diagnosed Heiting with hypertension and chronic back pain and prescribed medication. *Id.* at 7. After Heiting's evaluation, Heiting was transported to Dawes County jail and then to Box Butte County jail. *Id.* at 8-9. While at Box Butte County jail, Heiting allegedly suffered chest pain and other symptoms. *Id.* at 10-11. Heiting's complaints regarding her chest pain were allegedly ignored. *Id.* On December 4, 2010, after Box Butte County jail personnel found Heiting unresponsive in her jail cell, Heiting was transported, by ambulance, to Box Butte County General Hospital where she was treated for her symptoms but later died. *Id.* at 15. According to Heiting's death certificate, Heiting died from cirrhosis and alcohol abuse. **See** Filing No. 43-8 - Heiting's Death Certificate. In the autopsy report, Heiting's

final diagnosis was "macronodular and micronodular cirrhosis, mitral valve prolapse, and cardiomegaly." **See** *id.* - Autopsy Report.

The plaintiff originally filed the complaint in the District Court of Box Butte County, Nebraska, on January 22, 2013, against Dawes County, Box Butte County, and Does 1-10. **See** Filing No. 1 - Notice of Removal. On February 1, 2013, the defendants removed the action to this court. **See** *id.* Subsequently, the plaintiff filed an amended complaint naming the same defendants, including the unidentified Does 1-10. **See** Filing No. 8 - Amended Complaint.

On March 18, 2013, the court entered an initial progression order setting the deadline to amend pleadings as June 3, 2013, for the plaintiff. **See** Filing No. 14 ¶ 7. In the March 18, 2013, Report of Parties' Rule 26(f) Planning Conference, the plaintiff noted before amending the complaint "specifically to identify names of Defendant Does" discovery would be necessary. **See** Filing No. 13 p. 7 ¶ IV(C)(1). However, the plaintiff suggested June 1, 2013, was a reasonable period of time to file a motion to add parties or amend pleadings. *Id.* Although the parties sought and received an extension of time related to the disclosure of expert witnesses (Filing Nos. 29-30), the plaintiff did not seek to extend the deadline to add parties or amend the complaint. The initial progression order also set the deadline for summary judgment motions based on qualified immunity for September 6, 2013. **See** Filing No. 14 ¶ 6.

After a conference with counsel on August 7, 2013, the court entered the Order Setting Final Schedule for Progression of Case, setting a summary judgment deadline for December 31, 2013, the discovery deadline for May 30, 2014, and the deadline for discovery-related motions for November 20, 2013. **See** Filing No. 32. The final progression order also set trial for August 18, 2014. *Id.* On December 30, 2013, the plaintiff filed a motion for partial summary judgment (Filing No. 50) and the defendants filed a motion for summary judgment (Filing No. 55) on all of the plaintiff's claims.

On December 16, 2013, the plaintiff filed the instant motion seeking to amend the complaint to identify Does and eliminate two causes of action.[1] **See** Filing No. 46. The plaintiff states the parties have engaged in only limited discovery and had not yet

---

[1] The plaintiff seeks to eliminate two causes of action, one dismissed by the court on May 9, 2013, and one for a writ of mandamus related to the autopsy report, which the defendants produced. **See** Filing No. 21.

2

scheduled any depositions by the middle of December.  **See** Filing No. 46 - Brief p. 1-2.  The plaintiff complains the defendants' discovery responses "were less than forthcoming or reasonable."  *Id.* at 2.  The plaintiff further states certain documents should have been produced by the defendants in May 2013, but were not delivered until October 2013.  *Id.* at 3.  Nevertheless, the plaintiff states she now has sufficient information to name the previously unidentified Doe defendants as Chief Jailer Monte Hovik, Jami Appleyard, Chris Finkey, Jeanie Melton, and Sydney White, all in their individual and official capacities.  *Id.*  The plaintiff argues the defendants will suffer no prejudice by the amendment because, although the summary judgment deadline expired within two weeks of the plaintiff's motion, the plaintiff would consent to an extension of the deadline for the defendants to file any necessary motions for summary judgment based on qualified immunity.  *Id.* at 4.  Additionally, the plaintiff argues that since the discovery deadline has not yet expired and the parties have yet to take any depositions, identification of the Does will facilitate the discovery process.  *Id.* at 4-5.

      The defendants oppose the plaintiff's motion to identify the Doe defendants based on undue delay and prejudice.  **See** Filing No. 54 - Response.  The defendants state they produced documents on April 18, 2013, containing information about the five proposed defendants as well as Heiting's jail file with activity logs identifying staff with whom Heiting came into contact.  *Id.* at 2-3.  The defendants state additional discovery provided more detailed information.  *Id.* at 3.  The defendants admit certain documents were inadvertently omitted, however the plaintiff did not bring the omission to the defendants' attention until months later and the omitted documents were contained in other discovery.  *Id.* at 3, 6.  In any event, the plaintiff had the Nebraska State Patrol's investigatory file in early June 2013.  *Id.* at 3.  The plaintiff's own expert witness reports, authored in October 2013, contain information about the proposed defendants.  *Id.* at 6, 11 (**citing** Filing Nos. 43-5 and 43-6).  In light of this discovery and based on the plaintiff's failure to seek an extension of the deadline to amend or identify additional defendants, the defendants consulted expert witnesses and began preparing their motion for summary judgment assuming the plaintiff had decided to forego identification of the Does.  *Id.* at 5.  The defendants argue the plaintiff fails to show good cause for the untimely amendment, which would prejudice the defendants by requiring a shift in

strategy, additional discovery costs, and separate summary judgment motions. *Id.* at 6, 14-16. Additionally, the defendants contend the proposed amendments pose logistical problems for representation because none of the proposed defendants continue to work for the county and their whereabouts are unknown. *Id.* at 15. Similarly, the proposed defendants, if added, would require time, discovery, and likely changes to the expert witness reports. *Id.* at 15-16. Moreover, the defendants argue they would have benefitted from more limited discovery while the plaintiff and the proposed defendants resolved the issue of qualified immunity earlier in the case. *Id.* at 15.

The plaintiff denies the motion to amend to substitute the proposed defendants for the previously unidentified Does is untimely. **See** Filing No. 59 - Reply p. 1. The plaintiff argues no previous deadline was given for identification of the Does. *Id.* In any event, the plaintiff justifies the timing of the motion by the receipt and analysis of discovery, including the defendants' expert witness reports served in November 2013. *Id.* at 5. Additionally, the plaintiff contends the time was used for careful consideration of the evidence prior to naming individuals, rather than acting with undue delay, bad faith, or dilatory motives. *Id.*

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. **Roberson v. Hayti Police Dep't**, 241 F.3d 992, 995 (8th Cir. 2001); **see Hanks v. Prachar**, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. **Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of

the court's scheduling order, the party must show cause to modify the schedule." ***Id.*** (**citing** Fed. R. Civ. P. 16(b)); **see *Williams v. TESCO Servs., Inc.***, 719 F.3d 968, 976-77 (8th Cir. 2013); ***Hartis***, 694 F.3d at 948.

"If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." ***In re Milk Prods. Antitrust Litig.***, 195 F.3d 430, 437-38 (8th Cir. 1999) (**quoting *Sosa v. Airprint Sys., Inc.***, 133 F.3d 1417, 1419 (11th Cir. 1998)). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); **see *Williams***, 719 F.3d at 976-77. Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." ***Popoalii***, 512 F.3d at 497; **see *Williams***, 719 F.3d at 976-77.

The plaintiff fails to demonstrate good cause or diligence in attempting to meet the court's deadline. The plaintiff incredulously argues the deadline for amending pleadings and adding parties does not apply to substituting named defendants for the previously unidentified Doe defendants. The plaintiff also highlights her lack of diligence in conducting discovery as if that is a valid excuse for her failure to meet court deadlines. The record before the court shows the plaintiff had information about the proposed defendants as early as April 18, 2013, and received more detailed information early June 2013. To the extent the plaintiff required more discovery to consider naming individual defendants, the plaintiff could have and should have done so significantly earlier in the case. The initial progression order highlights the types of discovery, such as discovery needed for summary judgment disposition, which should be conducted early in the case. ***Id.*** ¶ 1. Accordingly, although the discovery period expires near the time of trial, the parties may not avoid substantial discovery until the eve of that deadline

as an excuse for noncompliance with the remaining deadlines.  Rather than blatant noncompliance with deadlines, even when diligently attempting to comply, the rules contemplate seeking an extension of deadlines prior to their expiration.  **See** Fed. R. Civ. P. 6.  The plaintiff failed to seek an extension of the deadline to amend the complaint in this case notwithstanding her suggestion in the planning report that she could reasonably conduct discovery and amend the complaint "specifically" to identify the Doe defendants by June 1, 2013.  **See** Filing No. 13 p. 7 ¶ IV(C)(1).  In reliance on the plaintiff's suggestion, the court scheduled a deadline for amending pleadings and motions based on qualified immunity in anticipation there would be individually named defendants added prior to that time.  **See** Filing No. 14 - Initial Progression Order ¶ 6.  As noted by the defendants, the court explicitly imposed deadlines for amending pleadings and adding parties and a separate, later deadline, for the anticipated individual defendants to file motions for summary judgment based on qualified immunity.  **See** Filing No. 14.  Allowing the plaintiff to amend the complaint now to identify the Doe defendants does unduly prejudice both the current and proposed defendants.  Despite some overlapping of issues, discovery, and possibly legal counsel, adding claims against individuals who no longer work for the county and whose whereabouts are unknown will significantly delay and complicate these proceedings with substantial discovery and legal issues.  Upon consideration,

**IT IS ORDERED**:

The plaintiff's Motion for Leave to Identify *Does 1-10* and to File a Second Amended Complaint (Filing No. 41) is granted, in part.  The plaintiff shall have until **January 22, 2014**, to file a Second Amended Complaint eliminating the fourth and fifth causes of action.  The plaintiff's motion is denied in all other respects.

Dated this 15th day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge